# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH J. RIMKUS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 08-cv-1615 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER CONCERNING DEFAULT JUDGMENT

This case arises from the bombing of the Khobar Towers, a residential military complex operated by the United States Air Force in Dhahran, Saudi Arabia. Joseph J. Rimkus, the sole plaintiff in this action [hereinafter *Rimkus II*] and the father of one of the 19 servicemen killed in that terrorist attack, has previously won a judgment in the related case of *Rimkus v. Islamic Republic of Iran*, 575 F. Supp. 2d 181 (D.D.C. 2008) [hereinafter *Rimkus I*]. *Rimkus I* was decided solely under 28 U.S.C. § 1605(a)(7), the old terrorism exception to the general rule of sovereign immunity that has since been replaced with 28 U.S.C. § 1605A. *See Rimkus I*, 575 F. Supp. 2d 181; *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 58–61 (D.D.C. 2009) (discussing repeal of § 1605(a)(7) and enactment of § 1605A).

Mr. Rimkus, unable to win punitive damages under § 1605(a)(7) in *Rimkus I*, has instituted this case, which he has styled as a "Complaint for Punitive Damages." *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d at 98. "The only purpose of this new action is [to] affix punitive damages against Iran for the claims that were litigated previously" in *Rimkus I*. *Id.* In September of last year, this Court permitted Mr. Rimkus's punitive-damages claim to

proceed under § 1605A as properly related to his claims in *Rimkus I*, but the Court also expressed concern for "the questionable validity of a complaint for punitive damages." *Id.* Specifically, the Court notes that another court of this District recently held that, under the Foreign Sovereign Immunities Act, a claim for "punitive damages is not an independent cause of action." *Estate of Botvin ex rel. Ellis v. Islamic Republic of Iran*, 604 F. Supp. 2d 22, 25–26 (D.D.C. 2009) (internal quotation omitted).

In January of this year, the clerk entered default against defendants for their failure to plead or otherwise defend this action. (Default [14].) Mr. Rimkus has not yet moved the court to enter judgment upon that default. Accordingly, it is hereby ORDERED that, within 30 days,

1. plaintiff move for default judgment, including the taking of judicial notice of

   a. the Memorandum and Opinion issued on December 22, 2006 in the consolidated cases of *Estate of Heiser v. Islamic Republic of Iran*, No. 00-cv-2329, and *Estate of Campbell*, No. 01-cv-2104, and

   b. the Findings of Fact and Conclusions of Law issued on August 26, 2008 in *Rimkus v. Islamic Republic of Iran*, No. 06-cv-1116; and

2. in the memorandum accompanying such motion, plaintiff brief the following issues:

   a. whether a plaintiff may assert in an action a claim under § 1605A for punitive damages without having asserted in that action or any other action arising out of the same transaction or occurrence any claims for which compensatory damages may be awarded, and

   b. whether a plaintiff may assert in one action a claim under § 1605A for punitive damages without having asserted in that action, but with having asserted in

another action arising out of the same transaction or occurrence, claims for which compensatory damages may be awarded.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on April 16, 2010.